UNITED STATES BANKRUPTCY CUIRT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CTCHGC, LLC, d/b/a Central Texas Gun | § | LEAD CASE NO. 25-12029 |
| Works, Centex Guns, and CTGW, | § | |
| And | § | SECOND CASE NO. 25-12030 |
| MICHAEL D. CARGILL, | § | |
| | § | CHAPTER 11 |
| DEBTORS. | § | (SUBCHAPTER V) |
| | § | Jointly Administered |
| | § | Under Case No. 25-12029 |

**DEBTORS' MOTION TO RECONSIDER ORDER DISMISSING CASE WITH
PREJUDICE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Debtors CTCHGC, LLC and Michael D. Cargill (the "Debtors") files this Motion to

Reconsider Order Dismissing Case with Prejudice, and state in support as follows:

1. On July 8, 2026, the court entered an Order Dismissing Case With Prejudice.

   Although the order is not denominated as an agreed order it was agreed to by the

   Debtors.

2. This motion is filed within fourteen days of entry of the order and is therefore timely.

3. The primary grounds for dismissing the case was Debtor Michael Cargill's failure to

   file tax returns.

4. The Debtor completed the returns and  has now provided them to the U.S. Trustee.

5. Since the Debtors' cases were dismissed, Debtor CTCHGC, LLC suffered damage to

   its leased premises from a fire in another business in an adjacent location. Although

   Debtor's premises did not burn, they sustained smoke damage. Debtor anticipates

   receiving a substantial insurance settlement as a result.

1

6. If the Order Dismissing Case with Prejudice remains in place, the Debtors would be required to seek out new counsel to find the case. Because the undersigned counsel has a sizeable claim from this case, he would be disqualified from filing a third case but would be eligible to continue representing the Debtors in the current case.

7. Debtors' argument for reinstating the cases is equitable and pragmatic rather than legal. Debtors did agree to dismissal of their cases. Because the Debtors have filed the required tax returns, they would be eligible to file new cases. Reinstating the cases would be a less expensive method of obtaining that relief.

8. Certificate of Conference: I conferred with Shane Tobin who stated that the U.S. Trustee opposed the requested relief.

Dated: July 21, 2026

Respectfully submitted,
**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
Telephone: (512) 476-9103
Facsimile: (512) 476-9253

By: /s/Stephen W. Sather
Stephen W. Sather
State Bar No. 17657520
ssather@bn-lawyers.com

*Bankruptcy Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 21, 2026, I will cause of copy of the foregoing document to be uploaded to the Court's CM/ECF system and thereby automatically served upon all registered users, and copies to be served upon those identified in the attached Master Service List who did not receive CM/ECF notification by first class US Mail, postage prepaid, and properly addressed.

/s/ Stephen W. Sather
Stephen W. Sather